UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONIE HARRIS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ENDY UKOHA-AJIKE, et al.,<br><br>Defendants. | Case No. 25-cv-05727-SK<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff Tonie Harris ("Harris"), proceeding *pro se*, filed a complaint naming both Harris as an individual and Estate of Stephanie Palmer ("Palmer Estate"). (Dkt. No. 1.) A *pro se* plaintiff may not bring claims on behalf of others in a representative capacity. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008) (citing *Iannaccone v. Law,* 142 F.3d 553, 559 (2nd Cir.1998) (administrator of estate may not appear *pro se* on behalf of estate); *Pridgen v. Andresen,* 113 F.3d 391, 393 (2nd Cir.1997) (executrix may not appear *pro se* on behalf of estate); *Jones v. Corr. Med. Servs.,* 401 F.3d 950, 951–52 (8th Cir.2005) (non-attorney administrator of decedent's estate may not proceed *pro se* on behalf of estate)). Therefore, Harris may not file a claim on behalf of the Palmer Estate.

Additionally, federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. *See* Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Id*.; Fed. R. Civ. P. 12(h)(3).

Federal courts may only adjudicate cases which the Constitution or Congress authorizes them to adjudicate: (1) those cases involving diversity of citizenship (where the parties are from diverse states), or (2) a federal question, or (3) those cases to which the United States is a party.

1  *See, e.g., Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id*. at 377. The United States is not a party to this case. Harris and Defendants are residents of California. Thus, complete diversity does not exist, and there is no jurisdiction based on diversity.

It is not clear that Harris has raised a question of federal law. Although Harris checked the box stating the Complaint asserts a claim under federal law, there does not appear to be any federal claim addressed in the Complaint. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar Inc. v. Williams*, 482 U.S. 382, 392 (1987). The well-pleaded complaint rule recognizes that the plaintiff is the master of his or her claim. "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law." *Id*. Thus, under the well-pleaded complaint rule, federal question jurisdiction arises when the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 643 U.S. 1, 27-28 (1983).

Therefore, the Court HEREBY ORDERS Harris to Show Cause why this case should not be reassigned to a district judge with a recommendation to dismiss this case for lack of subject matter jurisdiction. If Harris is asserting a claim under federal law on Harris's own behalf, in response to the Order to Show Cause ("OSC"), Harris shall clarify what statute and what facts are or could be alleged in support of that claim. If Harris states sufficient facts to allege at least one federal claim, Harris shall allege facts to show how any state-law claims are connected to the federal claim to support supplemental jurisdiction. Harris shall file a response in writing to this OSC by no later than October 30, 2025.

The Court HEREBY VACATES the Case Management Conference and will reset the Case Management Conference at a later date, if necessary. Therefore, the Court DENIES Harris's request to continue the Case Management Conference as MOOT.

The Court ADVISES Harris that the district court has produced a guide for *pro se* litigants called Representing Yourself in Federal Court: A Handbook for *Pro Se* Litigants, which provides

1  instructions on how to proceed at every stage of your case, including discovery, motions, and trial.
2  It is available electronically online (https://www.cand.uscourts.gov/wp-
3  content/uploads/2020/02/Pro_Se_Handbook_2020ed_links_12-2021_MBB.pdf) or in hard copy
4  free of charge from the Clerk's Office.  The Court additionally has a website with resources for
5  *pro se* litigants (https://www.cand.uscourts.gov/pro-se-litigants/). The Court further advises
6  Plaintiff that he also may wish to seek assistance from the Legal Help Center.  Plaintiff may call
7  the Legal Help Center at 415-782-8982 or email fedpro@sfbar.org for a free appointment with an
8  attorney who may be able to provide basic legal help, but not legal representation.
9      **IT IS SO ORDERED**.
10 Dated: September 30, 2025



SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California